UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
                                           :            09 CR 625 (HB)
         - against -                       :
                                           :            SENTENCING
                                           :            OPINION
                                           :
JANIRA BUENO,                              :
                                           :
                    Defendant.             :
                                           :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

     Defendant Janira Bueno ("Defendant" or "Bueno") was charged with, and pled guilty to, conspiracy to defraud the government with respect to claims, conspiracy to commit mail fraud and wire fraud, and conspiracy to commit fraud with respect to identification documents, based on her involvement in a tax refund fraud scheme orchestrated by her husband and certain other defendants. On May 10, 2010, this Court sentenced Bueno to a twenty-four month sentence, followed by two years of supervised release. However, due to extraordinary circumstances related to the care of her three children, I ordered Bueno's surrender date be adjourned for thirty-six months or until she is able to find an appropriate caregiver. I now write a few words to explain why, given the unique facts of this case, this arrangement is appropriate and necessary.

## I.    BACKGROUND

     Bueno was indicted on June 22, 2009, along with a number of other defendants, for conspiracy to defraud the United States Department of the Treasury and IRS with respect to claims, *see* 18 U.S.C. § 286, conspiracy to commit mail fraud and wire fraud, *see* 18 U.S.C. § 1349, conspiracy to commit fraud in connection to identification documents, *see* 18 U.S.C. § 1028(a)(7) and (f), and the unlawful use of other people's names, date of birth, and Social Security numbers in relation to the mail and wire fraud conspiracy, *see* 18 U.S.C. § 1028A(a)(1). These charges arose out of a tax fraud conspiracy. The defendants engaged in a scheme to file false and fraudulent federal and state tax returns, primarily with identification information of Puerto Rican citizens, in order to receive tax refunds. Approximately $18 million of tax refunds were sought from the IRS and state tax authorities. Both Bueno and her husband, Rafael Castillo, had tax preparation experience and participated in this conspiracy. Castillo was a leader

of the conspiracy, and supervised co-conspirators who prepared tax returns in both New York and Pennsylvania.  He was sentenced on May 10, 2010 to sixty months' imprisonment, followed by three years of supervised release.  Bueno played a lesser role, and primarily prepared income tax returns.  On January 21, 2010, Bueno pled guilty to the claims fraud, mail and wire fraud, and identification fraud charges; the charge for the use of other's identifying information was dismissed at sentencing.  *See* Order, April 1, 2010 (providing guilty plea allocution date); Sentencing Transcript, May 10, 2010, ("Tr.") at 21 (dismissing fourth count of indictment).

       Bueno's personal and family circumstances are of primary concern here.  Bueno has no prior criminal history, nor any history of drug or alcohol abuse.  She is bilingual in English and Spanish, claims to have her GED, and was a full-time student at a cosmetology school prior to her arrest.  She was unemployed since February 2009, and before then worked in a variety of jobs including tax preparation and retail sales.  Both she and Castillo have limited financial means.  Bueno has three children, ages eight, four, and two.  The father of her first child was deported to the Dominican Republic in 2006, allegedly renounced his parental rights, and does not have any apparent contact with either Bueno or their child.  Defendant had her other two children with her co-defendant Castillo, and all three children lived together with Bueno and Castillo at a residence in Pennsylvania prior to their arrest.  Bueno's oldest child attends third grade, and her four year-old attends a preschool program.  She is an active parent, and participates frequently in her children's school activities.  In a letter to the Court, one of the teachers at Bueno's cosmetology school says she "is a hard worker and dedicated student … is the kind of future professional who makes me enjoy my job" and that she "observed how great of a mom she is" because she always checks on her children at class breaks.  Another letter, this one from an employee of the community service center, where Bueno apparently volunteers and attends "Parents Committee Meetings," wrote that "she has shown … good leader[ship] and dedicated to her children's education."  A letter from her child's preschool indicates she is an active parent and is even the president of their "Family Connection" group.  Letters from friends and family are even more positive and provide universally glowing accounts of the care she provides her children.

       As is perhaps obvious with the conviction and terms of imprisonment for both Castillo and Bueno, the three children will need some alternative caregiver to live with and provide for them.  Unfortunately, there is no readily apparent individual available for that critical task.  As just mentioned, the father of her first child was deported and has no contact.  Bueno's father

allegedly abused drugs and is otherwise estranged from Bueno and her children.  Bueno's mother stated in a letter to the Court that she cannot care for the children because she works full-time at a slaughterhouse, and must leave the house at four-thirty in the morning with no regular return time.  Bueno also has a twenty-two year old sister, but she likewise works full time, has her own child, and also stated in a letter that she is unable to care for Bueno's three children.  It is the fate of these children and their future well-being that influenced the nature of my sentencing decision, and compels this opinion.

## II.  DISCUSSION

Generally speaking, "a sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime."  *United States v. Pope*, 554 F.3d 240, 244 (2d Cir. 2009) (quoting *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008)).  As the Supreme Court noted after striking down the mandatory elements of the Sentencing Guidelines, "[w]e have never doubted the authority of a judge to exercise broad discretion in imposing sentence within a statutory range."  *United States v. Booker*, 543 U.S. 220, 233 (2005).  A court may not presume the range recommended by the Guidelines is reasonable, and must instead make an "individualized assessment based on the facts presented."  *Gall v. United States*, 552 U.S. 38, 50 (2007).

In this case, the Guideline range for Bueno was 63 to 78 months' imprisonment based on a total offense level of 26 and Criminal History Category of I, with a maximum term of imprisonment under the various statutes of 10, 15 and 20 years respectively.  The Presentence Report noted a variety of individual facts about Bueno, such as her otherwise clean record, lack of drug use, admission of responsibility, and very supportive character testimony from friends and family.  Additionally, the Report also briefly discussed Bueno's children, and noted that while it did not endorse a variance, "we do believe that Bueno's children warrant consideration in this case."  Based on the fairly substantial mitigating factors in the record, detailed only in part by this opinion, I sentenced Defendant to 24 months' imprisonment followed by two years of supervised release.  *See* Tr. at 17-18.  Given my serious concern about the well-being of Bueno's children, and the fact that Defendant now indicated that there was no one available to take responsibility for them[1], I ordered that her surrender date be adjourned for a period of 36 months

---

[1] The Presentence Report originally indicated that either her mother or sister might be able to care for the children.  I questioned Bueno about the discrepancy between the report and her present statement that no one could care for the

3

with regularly scheduled court appearances every six months, with the possibility that surrender may be adjourned even further depending primarily on the father's release date and her conduct, and concomitantly shortened if adequate child care is provided.  Tr. at 18.

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."  *Gall*, 552 U.S. at 52 (quoting *Koon v. United States*, 518 U.S. 81, 98 (1996)).  Moreover, because the sentencing judge "sees and hears evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record," it is in a "superior position to find facts and judge their import … ."  *Id.* at 51; *see also Rita v. United States*, 551 U.S. 338, 357 (2007) ("The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeal court.").  While family members are often affected when a relative is to be incarcerated, this case presented a fairly unique situation.  The three children were in a stable, two-parent household, with an obviously caring mother, and they will now lose both parents to significant terms of imprisonment.  Most importantly, there is substantial evidence to indicate that there is no close friend or family member able to be responsible for three very young children.  Even based on the erroneous assumption that either Bueno's sister or mother could care for the children, the PSR indicated that they should be taken into consideration in determining the specifics of the sentence.  While they maintained the need for a lengthy term of incarceration, the Government conceded that it could "rip families apart."  Tr. at 12.  Bueno's counsel asked this court to sentence her to probation on account of the children's lack of a caregiver, and cited cases in this Circuit that approve of lesser sentences or probation due to these sorts of issues.  *See, e.g., United States v. Huerta*, 371 F.3d 88, 93-96 (2d Cir. 2004) (discussing appropriateness of downward departure for "extraordinary family circumstances").

Given all of the above, I sought to balance both the need for an appropriate sentence prescribed by 18 U.S.C. § 3553, with the need to ensure that innocent children are properly cared for and do not become wards of the state, or in foster care, especially when a sentence may be fashioned that will avoid such a result.  Bueno must still serve a substantial amount of time in a federal prison, but she will have time to seek out appropriate care for her children.  She is not a

---

children.  She stated that there was a misunderstanding with what she said and, based on her demeanor and letters from her sister, mother, and husband, am persuaded that she is being truthful about the lack of childcare options.

flight risk or danger to the community, and will have to report to this court every six months to determine if she has found care and can begin her sentence. My decision is neither inappropriate nor *sui generis*. In an analogous situation in this district, Judge Hellerstein deferred beginning custody for a defendant for a number of months to, among other things, allow "orderly transition of custody of the two small children." *United States v. Kloda*, 133 F. Supp. 2d 345, 346 (S.D.N.Y. 2001). There, the defendant's father and mother had "claim[ed] to be too old, too busy, and too ill to take care of [the defendant's] children." *Id.* at 347. Bueno must at some point serve a two year sentence, and providing for reasonable time to find appropriate care for her young children balances the seriousness of the crime with the special circumstances of this individual case.

### III. CONCLUSION

For the foregoing reasons and as described in further detail in the sentencing transcript, Defendant is sentenced on her plea of guilty to 24 months imprisonment followed by two years of supervised release on Counts 1, 2, and 3, to run concurrently, and a $300 special assessment. Defendant's surrender date will be adjourned for 36 months from the date of the judgment, and she will report in person to the Court every 6 months, the first appearance to be on November 18, 2010 at 11 A.M. in Courtroom 23B

The Clerk the Court is instructed to close this case and remove it from my docket.

SO ORDERED
May 26, 2010
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.